44389. URBAN PARK TOWERS APARTMENTS COMPANY
v. ALLSTATE INSURANCE COMPANY et al.
(359 SE2d 897)

HUNT, Justice.

This case involves the issuance and administration of revenue bonds which were issued to finance a housing project in Lockport, New York. The bonds were issued by Lockport Housing Development Corporation to the project developer, Urban Park Towers, which bor-

---

[3] See Ga. Laws 1979, p. 645, § 2 and Ga. Laws 1981, 'p. 1741, § 1.

rowed the proceeds from the bond issue for the development and construction of the project. After the bonds were issued, Allstate Insurance Company purchased them.

The administration of proceeds from the bond issue, including the distribution of funds to the developer and the investment of fund monies, is governed by a Trust Indenture Agreement, entered into between First Atlanta Bank (as Trustee), Urban Park Towers (as developer and borrower), and Lockport Housing Development Corporation (as issuer). Under the terms of the Trust Indenture, the Trustee is required to create and maintain a Debt Service Reserve Fund and when the Fund was created in 1977, it was capitalized at $500,000. By April 1982 the Fund, through investment by the Trustee, had grown to over $700,000 and the accumulated earnings of approximately $200,000 were distributed by the Trustee to Urban Park Towers at the latter's request.[1]

Following Allstate's immediate objection to this disbursement, First Atlanta, as Trustee, requested a refund from Urban Park. Urban Park declined to refund the earnings, asserting that a proper construction of the Trust Indenture authorized the payment. Thereafter, First Atlanta filed this action, seeking judicial construction of the documents governing the bond issue. The trial court granted summary judgment to Allstate. Urban Park appeals the grant of summary judgment and we affirm.

The sole issue is whether, as a matter of law, Urban Park is or is not entitled to investment earnings on the Debt Service Reserve Fund. To resolve this issue, we need only review the clear language of the agreement. Subsection IV of Section 4.01 of the trust indenture provides as follows: "The *Debt Service Reserve Fund* (herein sometimes called "Reserve Fund"), which is hereby created, and which shall be funded from the Proceeds of Sale of the Bonds, or other monies made available to the Issuer in the amount set forth in Section 3.02(b) hereof, shall be continuously invested by the Trustee in accordance with Section 4.02 hereof and *shall be disbursed by the Trustee solely to pay the principal of, premium, if any, and interest on the Bonds for the payment of which there shall be insufficient monies in the Principal and Interest Fund.* If any monies shall be disbursed from this Fund, the Trustee shall have a set-off with respect to any monies which might become due and payable to the Owner. Whenever the amount held by the Trustee in the Debt Service Reserve Fund is sufficient to redeem all of the Bonds outstanding

---

[1] Urban Park's request was supported by a letter from out-of-state bond counsel expressing the opinion that such disbursement was authorized by the Trust Indenture. Bond counsel subsequently amended its position by a second letter, sent after the disbursement to Urban Park had been made.

under the Indenture and to Pay interest to accrue thereon to the date of redemption together with any applicable redemption premium, the Issuer shall take or cause to be taken the necessary steps to redeem such outstanding Bonds on the next succeeding redemption date for which the required notice of redemption may be given." (Emphasis supplied.)

In addition, Section 4.02(II) of the Trust Indenture provides the "earnings prior to the completion of construction on the Mortgage Acquisition Fund and Principal and Interest Fund not required to pay principal of or interest on bonds shall be paid over to the Owner . . . ." This subsection and Section 5.04 (sixth) dealing with surplus funds set out the funds from which the earnings may be paid over to the developer and do not include the Debt Service Reserve Fund.

We conclude, as did the trial court, that the contract unambiguously provides that the earning of the Debt Service Reserve Fund should not have been paid to the developer and affirm the grant of summary judgment to Allstate.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1987 —
RECONSIDERATION DENIED OCTOBER 1, 1987.

*Carter & Ansley, A. Terry Sorrells, Christopher N. Shuman,* for appellant.

*Alston & Bird, Ricky C. Silver, Ronald L. Reid, Hansell & Post, Edward S. Grenwald, Victor Roberts, Lizanne Thomas, Gregory R. Hanthorn, Southard & Balkin, Richard C. Southard,* for appellees.